FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 AUG 16 P 1: 33

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ANGELA M. MILLER,

    Plaintiff,

v.

KRAMON & GRAHAM, P.A.,

    Defendant

Case No.: GJH-15-1081

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In this action, Plaintiff Angela M. Miller alleges various claims of employment discrimination under federal and state law against her former employer, Defendant Kramon & Graham, P.A. *See* ECF No. 14. Now pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 21. No hearing is necessary to resolve the Motion. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Defendant's Motion will be granted, in part, and denied, in part.

### I. BACKGROUND[1]

Plaintiff is a Caucasian female who, as of the time of her filing of the November 15, 2015 Complaint (the "Operative Complaint"), was fifty-three years old. ECF No. 14 ¶ 1. From 1986 to 1988, then again from 1999 to January 31, 2012, Plaintiff was employed by Defendant as an Administrative Assistant where she worked under the direction of Catherine Marks, the office manager. *Id.* ¶¶ 11–14. According to the Operative Complaint, Plaintiff was viewed positively as

---

[1] In deciding Defendant's Motion, all facts are viewed in the light most favorable to Plaintiff.

an employee; she had no negative performance reviews and received praise from Defendant attorneys on at least two occasions.[2] *See id.* ¶¶ 15–20. Plaintiff received annual increases and bonuses for her performance during the course of her second stint at Defendant up until 2010. *Id.* ¶ 16.

In the summer of 2011, members of Defendant's office and support staff, excluding Plaintiff, received annual pay increases. *Id.* ¶ 21. When Plaintiff approached Marks about not receiving a pay increase, Marks told her "the management team feels that under the budget [she had] capped out." *Id* ¶ 22. Subsequently, Marks represented to Plaintiff that she was lobbying Defendant's management to approve Plaintiff's annual raise, *id.* ¶ 27, but Plaintiff never received one. *Id.* ¶ 29. On January 31, 2012, Marks summoned Plaintiff to her office and terminated her employment. *Id.* ¶ 30. Plaintiff alleges that Defendant replaced her with Ashley Humes, a woman "in her 20s." *Id.* ¶ 35.

In August 2012, Plaintiff filed a charge of age discrimination with the EEOC. *Id.* ¶ 5. More than two years later, during the EEOC investigatory process in November 2014, Plaintiff learned that, upon receiving notice that they would be terminated, Defendant's similarly situated African-American employees were allowed to keep their jobs while looking for new employment. *Id.* ¶ 6. Plaintiff was not afforded such an opportunity, having been immediately terminated. *Id.* ¶ 6. Plaintiff subsequently filed a second EEOC charge of age and race discrimination against Defendant within 300 days of discovering Defendant's more favorable treatment toward African-American employees. *Id.* ¶ 6.

Plaintiff first initiated this action on April 14, 2015, and the case was assigned to Judge J. Frederick Motz. On November 6, 2015, Judge Motz administratively closed the case because the

---

[2] Plaintiff does not recall the exact dates she received praise, but believes they occurred sometime in 2010 and/or 2011. ECF No. 14 ¶ 18.

2

original complaint was not timely served on Defendant. ECF No. 12. Judge Motz instructed Plaintiff to refile and noted that the Operative Complaint would be deemed to be served on April 14, 2015, the date of the original complaint. *Id.* The Operative Complaint was filed on November 15, 2015. ECF No. 14.

In the Operative Complaint, Plaintiff raises claims against Defendant of age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count I) and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601 *et seq.* (Count IV), as well as claims of race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 *et seq.* (Count II), 42 U.S.C. §1981 (Count III), and the MFEPA (Count V). *See id.* She seeks relief in the form of compensatory and punitive damages. *Id.* ¶ 73. On January 28, 2016, Defendant filed its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 21.[3] Plaintiff filed a response to the Motion, ECF No. 22, and Defendant filed a reply, ECF No. 23.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But to survive a motion to dismiss invoking Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a

---

[3] Before Judge Motz administratively closed this case, Defendant had filed two motions to dismiss, which are also still pending before the Court. ECF Nos. 7 & 11. The Court will deny these motions as moot in light of Plaintiff's filing of the Operative Complaint and Defendant's filing of its latest motion to dismiss.

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also* 5 C. Wright & A. Plaintiff, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). A complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

In its Motion, Defendant raises multiple arguments attacking each of Plaintiff's claims. Specifically, Defendant argues that the statute of limitations bars Plaintiff's claims enumerated in Counts II, IV, and V; and that Plaintiff fails to state a claim upon which relief can be granted concerning Counts I and III. The Court will consider these arguments in turn.

### A. Statute of Limitations

#### 1. Title VII Race Discrimination (Count II)

Defendant first argues that Plaintiff's Title VII race discrimination claim, regarding terminated African-American employees who were allowed the opportunity to find new work, is

barred by the statute of limitations. ECF No. 21-1 at 4.[4] A plaintiff filing suit under Title VII must first file a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") or a state fair employment practices agency, generally within 180 days of the date of the alleged unlawful employment practice. *See Prelich v. Med. Resources, Inc.*, 813 F. Supp. 2d 654, 661 (D. Md. 2011). That limitations period is extended to 300 days in a "deferral state," *i.e.*, "one in which state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Id.* (citations and internal quotation marks omitted). As Maryland is a deferral state, Plaintiff was required to file a charge with the EEOC within 300 days of the alleged unlawful employment practice. *See id.* at 661–62.

The Parties dispute, however, the date on which Plaintiff's claim accrued, and, correspondingly, the date by which she was required to file her charge of race discrimination with the EEOC. In November 2014, during the EEOC investigation of Plaintiff's original age discrimination charge, she learned that, unlike Plaintiff, who was terminated immediately, non-Caucasian, similarly situated employees of Defendant were allowed to keep their jobs while looking for new work. ECF No. 14 ¶ 6. If Plaintiff's claim accrued in November 2014, when she first learned that other employees were treated differently, this charge would be deemed timely filed. *See id.*

The law is clear, however, that a Title VII plaintiff's claim accrues at the time the alleged adverse employment action is taken against her. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."). Under that standard, Plaintiff was required to initiate

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

her charge of racial discrimination by November 26, 2012—300 days after her termination. And although, under the doctrine of equitable tolling, the Court may limit the burden of the statutory limitations period for equitable reasons, "[e]quitable exceptions to the statutory limitations period should be sparingly applied . . . ." *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987). Thus, to invoke equitable tolling, the plaintiff must show that the defendant deceived or mislead her in concealing the existence of a cause of action. *See id.*

Plaintiff has not alleged any facts suggesting that Defendant concealed the existence of a cause of action through deception. *Pabst Brewing*, 828 F.2d at 1049. Consequently, there is no reason to apply the doctrine of equitable tolling, and the statute of limitations for Plaintiff's Title VII race discrimination claim began to run on January 31, 2012, when the alleged race-based discrimination occurred. Plaintiff filed the related EEOC charge well over 300 days after this alleged occurrence, so the statute of limitations bars her Title VII race discrimination claim.

## 2. MFEPA Race and Age Discrimination (Counts IV and V)

Defendant next argues that Plaintiff's MFEPA claims are also barred by the statute of limitations. ECF No. 21-1 at 9. In order to bring a civil action under the MFEPA, a plaintiff must meet the following requirements:

> (1) the complainant initially filed a timely administrative charge or a complaint under federal, State, or local law alleging an unlawful employment practice by the respondent;
>
> (2) at least 180 days have elapsed since the filing of the administrative charge or complaint; and
>
> (3) the civil action is filed within 2 years after the alleged unlawful employment practice occurred.

Md. Code Ann., State Gov't § 20-1013(a). Plaintiff concedes that her claim of age discrimination under the MFEPA is untimely, but argues that her claim of race discrimination, based on the

6

same allegations as her Title VII claim, can proceed for the same reason she argued that her Title VII claim was timely, namely, that she did not learn of the alleged racial discrimination until November 2014. ECF No. 22 at 4. The doctrine of equitable tolling does not apply to Plaintiff's civil action, *see supra* Part III.A.1, and, because the action was not filed within two years of the alleged discriminatory actions, the statute of limitations bars both of Plaintiff's MFEPA claims.

### B. Failure to State a Claim

#### 1. ADEA Age Discrimination (Count I)

Defendant moves to dismiss Plaintiff's claim of age discrimination under the ADEA for failure to state a claim upon which relief can be granted.[5] ECF No. 21-1 at 8. An employee establishes a *prima facie* case under the ADEA if she alleges facts showing that: (1) she was in the age group protected by the ADEA; (2) she suffered an adverse employment action; (3) she was performing her job on a level that met her employer's legitimate expectations at the time of the adverse action; and (4) she was replaced by a substantially younger person with comparable qualifications. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310, 312 (1996); *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517.

Because Plaintiff was over forty years of age at the time she was discharged, *see* ECF No. 14 ¶ 1, she is within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a). Plaintiff alleges facts indicating that her job performance met Defendant's legitimate expectations at the time of her discharge. *See* ECF No. 14 ¶¶ 11–35. And Plaintiff's replacement, who was "in her

---

[5] Defendant also moves to dismiss Plaintiff's ADEA claim relating to Plaintiff allegation of pay discrimination on the ground that Plaintiff failed to exhaust her administrative remedies with respect to such a claim. ECF No. 21-1 at 7–8. Plaintiff does not refute that contention in her opposition to Defendant's Motion to Dismiss. *See* ECF No. 22. Accordingly, insofar as the Operative Complaint contains a claim of pay discrimination in violation of the ADEA, that claim is dismissed.

20s," ECF No. 14 ¶ 35, was substantially younger than her. *See Grayton v. Shalala*, No. 96-1562, 1997 WL 182776, at *1 (4th Cir. Apr. 16, 1997) (finding a twelve-year age difference—fifty-four versus forty-two—to be substantial). Consequently, Plaintiff has stated a *prima facie* claim of age discrimination under the ADEA, and Defendant's Motion to Dismiss must be denied.[6]

### 2. 42 U.S.C. § 1981 Race Discrimination (Count III)

Finally, Defendant moves to dismiss Plaintiff's claim of race discrimination under 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted. ECF No. 21-1 at 5–6. Section 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."[7] 42 U.S.C. § 1981(a). The statute defines the phrase "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The United States Court of Appeals for the Fourth Circuit has explained that a claim under § 1981 may lie in the context of an at-will employment relationship. *See Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018–19 (4th Cir. 1999) (noting that

---

[6] Although Defendant alternatively has moved for summary judgment on Plaintiff's ADEA claim, the Court may, in its discretion, decline to consider materials presented outside of the pleadings. *See* Fed. R. Civ. P. 12(d); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (explaining that Rule 12 vests district courts with discretion to determine whether or not to exclude matters outside the pleadings). Notably, the evidence submitted in support of Defendant's motion would not change the result the Court reaches. *See* ECF No. 21-3. The only substantive evidence Defendant submitted was an Affidavit from Defendant's President, indicating that Defendant hired five administrative personnel aged twenty-seven, twenty-nine, fifty-two, fifty-three, and sixty-one since Plaintiff's termination. ECF No. 21-3 ¶ 6. Defendant argues that, in light of these hiring practices, Plaintiff cannot satisfy the fourth element of her *prima facie* case because it has hired employees close to Plaintiff's age since her termination. ECF No. 21 at 9. But the Operative Complaint alleges that Plaintiff's position was filled by a woman who was "in her 20s," ECF No. 14 at 2, and alleged replacement by a specific, substantially younger person sufficiently establishes the fourth element of a *prima facie* case. *See Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996). Even if that were not the case, discovery may disclose whether Defendant's subsequent hiring practices were "calculated to disguise its act of discrimination toward the plaintiff." *Brown v. McLean*, 159 F.3d 898, 907 (4th Cir. 1998), which would thereby preclude entry of summary judgment in favor of Defendant.

8

plaintiff's relationship with former employer, "though terminable at will, was contractual"). Defendant argues, however, that Plaintiff's claim must be dismissed because she alleges that discrimination occurred *after* her contract was terminated. According to Defendant, "[t]he ability to job search after the termination of an employment contract or relationship is not implicit in Congress' intention of 'enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" ECF No. 21-1 at 6.

Defendant misconstrues Plaintiff's claim. Plaintiff alleges that Defendant acted with racial animus by denying her equal terms and conditions of employment by allowing non-Caucasian, similarly situated employees to keep their jobs while looking for new work after receiving notice that they would be terminated. ECF No. 14 ¶ 33. Plaintiff, by contrast, was terminated immediately without being given a similar opportunity. *Id.* Plaintiff is not alleging that she was denied certain benefits that she otherwise would have received *after* her termination. Rather, she is alleging that similarly situated African-American employees were given an additional contractual benefit prior to their termination that she was denied, namely, the opportunity to stay on the job while seeking new employment after being given notice that they would be terminated. Such differing treatment, if true, contradicts § 1981's requirement that "[a]ll persons . . . shall have the same right" to the enjoyment of the same contractual benefits, privileges, terms, and conditions in the making *and termination* of their contracts. Thus, Plaintiff has adequately alleged violation of § 1981 and Defnedant's Motion to Dismiss this claim must be denied.[8]

---

[7] The United States Supreme Court has determined that § 1981 prohibits discrimination against white persons, as well as racial minorities. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 287 (1976).

[8] An employee typically establishes a *prima facie* case under § 1981 if she can allege facts showing: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *See James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004); *see also Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004)

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted, in part, and denied, in part. Specifically, the Court grants Defendant's Motion to Dismiss with respect to Counts II, IV, and V of the Operative Complaint, and denies the Motion with respect to Counts I and III. A separate Order follows.

Dated: August 16, 2016

GEORGE J. HAZEL
United States District Judge

---

(noting that the same framework is used to evaluate claims arising under Title VII and § 1981). The final element of the *prima facie* case sometimes differs, however, depending on the factual circumstances of a particular case. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (describing final element of *prima facie* case as requiring a showing of "different treatment from similarly situated employees outside the protected class"); *Collins v. Balt. City Bd. of Sch. Comm'rs*, 528 F. App'x 269, 272 (4th Cir. 2013) (citation and internal quotation marks omitted) (describing final element of *prima facie* case as requiring a showing that adverse action "occurred under circumstances which give rise to an inference of unlawful discrimination."); *Davis v. Nissan N. Am., Inc.*, No. GJH-14-3166, 2016 WL 4059346, at *7 n.10 (D. Md. July 27, 2016) (noting inconsisteny in case law within this circuit respecting final element of *prima facie* case). Because Defendant does not argue that dismissal is warranted for failure to plead facts that would satisfy this element of the *prima facie* case, the Court will not determine which standard should be applied, and will assume, without deciding, that Plaintiff has alleged facts that would satisfy this element of her claim.